EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
TERRY GONZALEZ,

                         Plaintiff,

      -against-

LOWE'S HOME CENTERS, INC. and LOWE'S HOME
CENTERS, LLC,

                       Defendants.
-------------------------------------------------------------------X

Index No.

SUMMONS

Plaintiff designates
Bronx County as
the place of trial

The basis of venue is
Plaintiff's residence

Plaintiff resides at:
2200 Morris Avenue
Apartment 6E
Bronx, NY 10457

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to appear in this action by serving a Notice of Appearance on Plaintiffs' attorneys within 20 days after service of this Summons, exclusive of the day of service, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       February 13, 2020

                                            CAMPSON & CAMPSON

                                            By: Paul J. Campson, Esq.
                                            Attorneys for Plaintiff
                                            485 Madison Avenue, Suite 1301
                                            New York, NY 10022
                                            (212) 302-1180

To:    LOWE'S HOME CENTERS, INC.
        c/o Corporation Service Company
        80 State Street
        Albany, NY 12207

        LOWE'S HOME CENTERS, LLC
        c/o Corporation Service Company
        80 State Street
        Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X    Index No.
TERRY GONZALEZ,

                        Plaintiff,                    VERIFIED
                                                      COMPLAINT

    -against-

LOWE'S HOME CENTERS, INC. and LOWE'S HOME
CENTERS, LLC,

                        Defendants.
------------------------------------------------------------------------X

       Plaintiff, by her attorneys CAMPSON & CAMPSON, alleges the following, as and for his Verified Complaint:

       1.      At the time of the commencement of this action, Plaintiff TERRY GONZALEZ resided in the County of Bronx, State of New York.

       2.      The cause of action alleged arose in the County of Westchester, State of New York.

       3.      This action falls within one or more of the exemptions set forth in CPLR 1602.

       4.      At all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS, INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

       5.      At all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS, INC. was and still is a foreign corporation authorized to do business in the State of New York.

       6.      At all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS, LLC was and still is a domestic limited liability company, duly organized and existing

under and by virtue of the laws of the State of New York.

7. At all times hereinafter mentioned, Defendant LOWE'S HOME CENTERS, LLC was and still is a foreign limited liability company authorized to do business in the State of New York.

8. Upon information and belief, on July 18, 2019, there existed a premises located known as Lowe's Home Improvement store located at 100 Ridge Hill Boulevard, Yonkers, in the County of Westchester, State of New York (hereinafter referred to as "the premises").

9. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, INC. owned the aforementioned premises and its appurtenances and fixtures thereto.

10. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, INC. operated the aforementioned premises.

11. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, INC. managed the aforementioned premises.

12. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, INC. maintained the aforementioned premises.

13. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, INC. controlled the aforementioned premises.

14. At all times hereinafter mentioned, on July 18, Defendant LOWE'S HOME CENTERS, INC. had a duty to maintain the premises in a reasonably safe condition.

15. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC owned the aforementioned premises and its appurtenances and fixtures thereto.

16. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC operated the aforementioned premises.

17. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC managed the aforementioned premises.

18. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC maintained the aforementioned premises.

19. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC controlled the aforementioned premises.

20. At all times hereinafter mentioned, on July 18, 2019, Defendant LOWE'S HOME CENTERS, LLC had a duty to maintain the premises in a reasonably safe condition.

21. On July 18, 2019, Plaintiff TERRY GONZALEZ was lawfully at the premises with the knowledge of the owner or owners.

22. On July 18, 2019, while Plaintiff TERRY GONZALEZ was lawfully at the aforesaid location, Plaintiff was caused to fall and sustain severe and permanent injuries as a result of a defective condition at the premises.

23. The above mentioned occurrence and the results thereof were caused by the negligence of the Defendants and/or the Defendants' servants, agents, employees and/or licensees in the operation, management, maintenance and control of the premises in causing, allowing and permitting the premises to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing,

allowing and permitting a trap to exist at the location; in failing to maintain the premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at the location; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of boxes at the interior of the premises to interfere with and prevent Plaintiff's safe passage; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on the premises; in failing to properly and adequately inspect the area; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in a dangerous condition; in causing, allowing and permitting the existence of boxes on the floor of the walking surface at the premises; in failing to give Plaintiff adequate and timely signal, notice or warning of the dangerous condition; in negligently and carelessly causing and permitting the above premises to be and remain in a dangerous condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using the premises; in failing to use warning signs or cones at the location; in failing to warn the Plaintiff of the dangerous condition; in creating a dangerous condition; and in being otherwise negligent and careless.

24. No negligence on the part of the Plaintiff contributed to the occurrence alleged.

25. Because of the above stated premises, Plaintiff TERRY GONZALEZ was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of these injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and, as a

further result, Plaintiff was and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

26. As a result of the foregoing, Plaintiff TERRY GONZALEZ has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

WHEREFORE, Plaintiff TERRY GONZALEZ demands judgment against the Defendants in an amount exceeding the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action, together with the costs and disbursements of this action.

Dated: New York, New York
February 13, 2020

Yours, etc.

CAMPSON & CAMPSON

By: Paul J. Campson
Attorneys For Plaintiff
485 Madison Avenue, Suite 1301
New York, NY 10022
(212) 302-1180

## ATTORNEY'S VERIFICATION BY AFFIRMATION

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

      I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

      I, Paul J. Campson, am the attorney of record, or of counsel with the attorneys of record, for plaintiff(s). I have read the annexed **COMPLAINT**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

      The file maintained in my office and investigation as to the matter.

      The reason I make this affirmation instead of plaintiff is that your deponent maintains its office outside the county where the plaintiff resides.

      I affirm that the foregoing statements are true under penalties of perjury.

Dated: New York, New York
       February 13, 2020

                                              _____
                                                  PAUL J. CAMPSON